UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAROL AHANMISI,<br>　　A/K/A CAROL EGWAOJE AHANMISI<br>　　F/N/A CAROL FITZGERALD<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF LABOR,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 11-1118 (RBW) |

## MEMORANDUM OPINION

The plaintiff in this civil case filed her Complaint pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), asserting that the defendant improperly withheld agency records that she requested through the FOIA. Complaint ("Compl.") ¶ 1. Specifically, she challenges the defendant's search for the requested documents as "being inadequate and unreasonable." Plaintiff's Memorandum of Points and Authorities In Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Opp'n") at 1. Currently before the Court is the Defendant's Motion for Summary Judgment ("Def.'s Mot.").[1] For the following reasons, the Court grants the defendant's motion.

---

[1] In resolving this motion, the Court also considered the Defendant's Reply Memorandum and Supplemental Memorandum in Further Support of its Motion for Summary Judgment ("Def.'s Reply"), the Declaration of Renata Jones Adjibodou ("Adjibodou Decl."), which was submitted with the defendant's motion, and the Supplemental Declaration of Renata Jones Adjibodou ("Adjibodou Supp. Decl."), which was also submitted with the defendant's reply to the plaintiff's opposition to its summary judgment motion.

1

## I. BACKGROUND

The plaintiff is Carol Ahanmisi, a/k/a Carol Egwaoje, f/k/a Carol Fitzgerald. Compl. ¶ 1. The defendant is the U.S. Department of Labor. Id. On August 21, 2008, the plaintiff sent a letter to the defendant's Office of Foreign Labor Certification requesting through the FOIA "all documents [relating to] a Form ETA-750, Application for Labor Certification," filed on her behalf. Compl. ¶ 5; id., Exhibit ("Ex.") 1 at 1. The plaintiff sent a duplicate request to the defendant on September 17, 2008. Def.'s Reply at 1-2; Def.'s Mot., Ex. A.

The Form ETA-750 is an Application for Alien Employment Certification, which the Department of Labor accepts from employers "seeking to bring foreign workers into the United States." Adjibodou Decl. ¶¶ 4, 12. The plaintiff maintains that her ETA-750 was filed by her employer with the District of Columbia Department of Employment Services "on or before April 30, 2001." Pl.'s Opp'n at 1. She now requests a copy of this foreign labor certification application ("FLCA") for use in her impending immigration proceedings. Compl. ¶ 3; id., Ex. 1 at 1; Def.'s Mem. at 1.

On May 19, 2009, the defendant informed the plaintiff by letter that "the records you have requested do not presently exist," Def.'s Mot. at 2; Compl., Ex. 2 at 1, which the plaintiff characterizes as a "'no records' letter," Compl. ¶ 6. The defendant subsequently responded to the September 17, 2008 request on July 2, 2009, with another "'no records' response." Def.'s Mot., Ex. C.

The plaintiff formally administratively appealed the defendant's response through a letter dated September 30, 2009. Compl., Ex. 3. The defendant replied on July 29, 2010, by again informing the plaintiff that it found "no documents responsive to [the] request." Compl., Ex. 4 at

1.  The plaintiff then brought this action on June 17, 2011, seeking an injunction compelling the defendant to produce records responsive to her FOIA request.  See Generally Compl.

The defendant defends the adequacy of its search in the letter sent to the plaintiff's attorney denying the plaintiff's administrative appeal and in declarations of Renata Jones Adjibodou, the Program Manager for the Office of Foreign Labor Certification in the Employment and Training Administration agency at the Department of Labor, submitted with the defendant's summary judgment motion and its reply to the plaintiff's opposition to that motion.  See Compl., Ex. 4 at 1; Adjibodou Decl.; Adjibodou Supp. Decl.  In the defendant's July 29, 2010 letter, William W. Thompson, the Associate Solicitor for Management and Administrative Legal Services within the Department of Labor, represented that the Office of Foreign Labor Certification "performed a second search for this request" in two agency databases "for any references to Carol Egwaoje Ahanmisi or" her employer, "Christ Chidueme [of] Songhai Restaurant."  Compl., Ex. 4 at 1.  He advised the plaintiff's attorney that the search yielded "no application by Chris Chidueme, Songhai Restaurant, on behalf of Carol Egwaoje Ahanmisi" in either of the two databases.  Id.  The defendant has explained in the course of this litigation that the two databases searched were examined because they are "the only systems [it] use[s] to retain information regarding the type of record [the p]laintiff is seeking."  Def.'s Reply at 3.

In her declaration, Ms. Adjibodou stated that the defendant's inability to find the plaintiff's FLCA in either of the two databases caused it to believe that the District of Columbia Department of Employment Services "closed the [plaintiff's] application prior to July 2004[,] or [that] the application was never filed."  Adjibodou Decl. ¶ 19.  And because the defendant's Records Disposition Schedule for Alien Employment Certification Files "requires the destruction

of FLCA records five years after the date that a final determination is issued," the defendant further believes that the records requested by the plaintiff have been destroyed. Adjibodou Decl. ¶ 20; Def.'s Reply at 5. Ms. Adjibodou subsequently stated in her supplemental declaration that if a hard copy of the plaintiff's FLCA has not been destroyed, there is a chance it could have been transferred to the National Archives and Records Administration Federal Records Center and stored "within one of the millions of boxes in the [Federal Records Center]." Adjibodou Supp. Decl. ¶ 11. The defendant posits that "a search based on the remote possibility that . . . [the] records exist, without any evidence of their existence, would be unduly burdensome, require unreasonable use of . . . resources, and likely take many years." Id.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); see Summers v. U.S. Dep't of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998) (explaining the "peculiar nature of the FOIA" as it relates to summary judgment review). To prevail in a FOIA suit, "the defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Founding Church of Scientology of Wash., D.C., 610 F.2d 824, 837 (D.C. Cir. 1979) (quoting Nat'l Cable Television Ass'n v. F.C.C., 479 F.2d 183, 186 (D.C. Cir. 1973)).

When seeking summary judgment based on the reasonableness of its search, an agency "must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents." Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983). Additionally, the "agency must show that it made a good faith effort to conduct a search for the requested records." Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir.

1990). Importantly, the "issue is <u>not</u> whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate." <u>Id.</u> (quoting <u>Perry v. Block</u>, 684 F.2d 121, 128 (D.C. Cir. 1982) (emphasis in original)). While there is no "requirement that an agency search every record system . . . , [an] agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested." <u>Oglesby</u>, 920 F.2d at 68. Finally, summary judgment may be awarded based on information provided by the agency in affidavits if the affidavits are "'relatively detailed and non-conclusory, and . . . submitted in good faith.'" <u>SafeCard Servs., Inc. v. S.E.C.</u>, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting <u>Ground Saucer Watch, Inc. v. CIA</u>, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### III. LEGAL ANALYSIS

The question before this Court is whether the defendant conducted a "reasonable" search in response to the FOIA requests filed by the plaintiff. The defendant has explained in detail the steps it took to comply with the plaintiff's request, doing so not only in a letter to the plaintiff but in two separate agency declarations. Compl., Ex. 4; Adjibodou Decl. ¶¶ 18-21; Adjibodou Supp. Decl. ¶¶ 9-11. While the plaintiff has attacked the declarations as insufficient to "demonstrate the purported thoroughness and completeness of the search," Pl.'s Opp'n at 4-5, such a claim has little merit given the exactness with which the search was described. Specifically, the defendant detailed the databases searched, <u>see</u> Adjibodou Decl. ¶ 18; Adjibodou Supp. Decl. ¶ 9, the search terms used, Adjibodou Supp. Decl. ¶ 10, and provided an explanation for why the requested documents were not located, Adjibodou Decl. ¶¶ 20, 21. As such, the agency affidavits are satisfactorily "detailed and non-conclusory." <u>SafeCard Servs., Inc.</u>, 926 F.2d at 1200. Nor does the Court find any basis for deeming the declarations controverted by proof of bad faith.

The defendant searched two agency databases using the search terms "Carol Ahanmisi, Eqwaoje (sic), Ahanmisi, Carol Eqwaoje (sic) Ahanmisi, Songhai Restaurant and Chris Chidueme."[2] Adjibodou Supp. Decl. ¶¶ 9, 10.  The Permanent Backlog System is an agency database that identifies archived labor certification records.  Adjibodou Supp. Decl. ¶ 9.  The Paradox database contains the text of the information related to the filed FLCAs.  Id.  Together, they are the only systems used by the Office of Foreign Labor Certification "to retain information regarding the type of record [the p]laintiff is seeking, and thus are the only resources available to search for the documents [the p]laintiff has requested.  Def.'s Reply at 3 (citing Adjibodou Decl. ¶ 18).

The plaintiff's challenge to the search is partly based on the fact that the defendant's search would "impliedly [take] a few minutes" and is thus unreasonable and inadequate.  Pl.'s Opp'n at 5.  But the reasonableness of a search depends less on the time it takes to conduct the search and more on the thoroughness with which it is conducted.  See Weisberg, 705 F.2d at 1351 ("What the agency must show beyond material doubt is that it has conducted a search reasonably calculated to uncover all relevant documents."); Goland v. CIA, 607 F.2d 339, 369-70 (D.C. Cir. 1978) (per curiam on motion to vacate and petition for rehearing) ("[A]n agency is required only to make reasonable efforts to find responsive materials; it is not required to reorganize its filing system in response to each FOIA request."); cf. Founding Church of

---

[2]   Ms. Adjibodou's supplemental declaration lists "Eqwaoje" as a term used to conduct the defendant's search, instead of "Egwaoje."  Abjibodou Supp. Decl. at 3.  Indeed, at numerous points within the communications between the parties, several names used to conduct the search are spelled inconsistently.  See Compl., Ex. 1 at 1 (requesting "documents relating to the immigration case of Carol Ahanmisi Fitgerald (emphasis added)); id., Ex. 2 at 1 (response to FOIA request concerning Carol Edwaoje Ahanmisi (emphasis added)). The Court finds that these misspellings are typographical errors, considering that most correspondence between the parties identify the plaintiff's middle name as Egwaoje.  Compl., Ex. 4 at 1; Def.'s Mot., Ex. B at 1; Def.'s Mot., Ex. C at 1.  Nevertheless, even if the use of the different names is not attributable to typographical errors, the Court finds that the defendant used sufficient identifying search terms to satisfy its burden of conducting a "reasonable" search.  See Weisberg, 705 F.2d at 1351; see also Physicians for Human Rights v. U.S. Dep't of Defense, 675 F. Supp. 2d 149, 164 (D.D.C. 2009) ("[T]here is no bright-line rule requiring agencies to use the search terms proposed in a FOIA request.").

Scientology, 610 F.2d at 834 (clarifying that "the competence of any records-search is a matter dependent upon the circumstances of the case" and the "caliber" of the search).  Searching the only two databases in which the responsive records could be found satisfies the agency's burden that its search be "reasonably calculated to uncover all relevant documents."  Moreover, the results of a search are not determinative of whether the search was adequate.  Amuso v. U.S. Dep't of Justice, 600 F. Supp. 2d 78, 89 (D.D.C. 2009).

The plaintiff also deems the search "inadequate" because the Department of Labor did not include the name "Fitzgerald" as a search term used to conduct its search, as she requested. Pl.'s Opp'n at 6.  However, "there is no bright-line rule requiring agencies to use the search terms proposed in a FOIA request."  Physicians for Human Rights, 675 F. Supp. 2d at 164.  The defendant searched its databases using the terms, "Carol Ahanmisi, Eqwaoje, Ahanmisi, Carol Eqwaoje Ahanmisi, Songhai Restaurant and Chris Chidueme,"[3] Adjibodou Supp. Decl. ¶ 10, a list "reasonably tailored to uncover documents responsive to the FOIA request," Physicians for Human Rights, 675 F. Supp. 2d at 164.  While the term "Fitzgerald" may have added to the completeness of the search, its absence from the list of search terms does not undermine the "reasonableness" of the search, especially in light of the unique, identifying terms already used and the specific record the plaintiff was trying to discover.  The defendant could not locate any "responsive records . . . as a product of this search process, and [the Office of Foreign Labor Certification] . . . did not find any evidence that an FLCA related to [the p]laintiff was processed by a [State Workforce Agency] or [the Employment and Training Administration], or transferred to the [Backlog Elimination Centers]."  Def.'s Reply at 6.  So long as an agency satisfies the

---

[3] See note 2, supra.

standard of reasonableness, "a court need not quibble over every perceived inadequacy in an agency's response, however slight." Physicians for Human Rights, 675 F. Supp. 2d at 164.[4]

Finally, the plaintiff's assertion that "the Defendant falls short in its attempt to show that the records could not have been located elsewhere," Pl.'s Opp'n at 5, is misguided. To prevail on summary judgment in a FOIA case, a defendant must conduct "a search reasonably calculated to uncover all relevant documents," Weisberg, 705 F.2d at 1351, not "document the fate of documents it cannot find," Boyd v. Exec. Office of U.S. Attorneys, 741 F. Supp. 2d 150, 155 (D.D.C. 2010) (quoting Roberts v. U.S. Dep't of Justice, No. 92-1707, 1995 WL 356320, at *2 (D.D.C. Jan. 29, 1993)). Because a defendant has no obligation to "search every record system" for a requested document, Oglesby, 920 F.2d at 68, the defendant was not compelled to search for a hard copy of the document in the Federal Records Center in the absence of any reasonable likelihood that it would be found there. As courts have long recognized, a search reasonably calculated to uncover all relevant documents is all that is required for a defendant to prevail on its summary judgment motion, and the defendant here has satisfied that burden by showing that it searched the only databases the Office of Foreign Labor Certification uses to electronically retain the type of records requested by the plaintiff.

## IV. CONCLUSION

Based on the defendant's declarations, the Court concludes that the defendant conducted searches reasonably tailored to locate records potentially responsive to the plaintiff's FOIA

---

[4] While the plaintiff cites Canning v. U.S. Dep't of Justice, 919 F. Supp. 451 (D.D.C. 1994), as support for her position that an agency's search is inadequate when the search does not include both known names of the subject in question, the facts in our case are distinguishable. In Canning, the Federal Bureau of Investigation was aware that the subject of a FOIA request, Charles Zimmerman, was known also as Charles Cunningham, and yet declined to perform an additional search under the name "Charles Cunningham." In this case, the term "Fitzgerald" is an additional identifier for Ms. Carol Ahanmisi, and is not an entirely different identifier under which responsive records could have been located.

request. The defendant has therefore demonstrated that there are no genuine issues of material fact in dispute regarding its compliance with its search obligations under the FOIA, and that it is entitled to judgment as a matter of law. Accordingly, the Court will grant the defendant's motion for summary judgment.[5]

REGGIE B. WALTON<br>
United States District Judge

---

[5] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.